IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACLYN CURRIE, as personal representative, administrator for the Estate, and on behalf of the heirs of PHILLIP OKORO,<br><br>        Plaintiff,<br><br>        v.<br><br>TOM CUNDIFF, individually and in his official capacity as sheriff of Williamson County, Illinois; the COUNTY OF WILLIAMSON; and UNKNOWN EMPLOYEES AND SUPERVISORS OF WILLIAMSON COUNTY JAIL,<br><br>        Defendants. | 09-866-MJR<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, JACLYN CURRIE, as personal representative, Administrator for the Estate, and on behalf of the heirs of PHILLIP OKORO, deceased, through her counsel, LOEVY & LOEVY, complains of Defendants TOM CUNDIFF, individually and in his capacity as sheriff of Williamson County, Illinois; the COUNTY OF WILLIAMSON; and UNKNOWN EMPLOYEES AND SUPERVISORS OF WILLIAMSON COUNTY JAIL (collectively, "Defendants") as follows:

### Introduction

1. Phillip Okoro was a bright young man, a star high school athlete and college soccer player who lived much of his life with a severe form of diabetes. His life and ability to care for himself were derailed in his early twenties by mental illness. Mental illness led him to be arrested and temporarily incarcerated at the Williamson County Jail ("the Jail") for a minor crime in October of 2008. Several family members called the Jail and spoke with employees, telling them that Phillip's diabetes was severe and that his mental illness prevented him from handling it himself. In response, Phillip's family members were assured that the Jail would take care of Phillip.

2. The Jail failed to do so. Philip passed away in the jail's custody on December 23, 2008, from diabetic ketoacidosis. His death was completely preventable.

### Jurisdiction and Venue

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, as Plaintiffs assert claims under federal law and the state law claims arise out of the same facts as the federal claims. Venue is proper under 28 U.S.C. § 1391(b) as Defendants are physically situated in this judicial district, and the events giving rise to the claims all occurred here.

### Parties

4. Prior to his death on December 23, 2008, PHILLIP OKORO was a lifelong resident of Illinois. At the time of his death he was in the custody of the Williamson County Jail.

5. As a teenager, PHILLIP OKORO was diagnosed with Type 1 diabetes, which required careful monitoring, including having his blood sugar levels tested multiple times a day. This condition continued until his death. His ability to care for and monitor his own diabetic condition was severely compromised when, as a college student, Mr. Okoro was diagnosed with schizophrenia.

6. Plaintiff JACLYN CURRIE resides in Illinois and is the personal representative and administrator for the Estate of Phillip Okoro. She is also his sister. On October 5, 2009, the probate division of the First Judicial Circuit appointed Ms. Currie the Independent Administrator of Mr. Okoro's estate.

7. Defendant TOM CUNDIFF is the Sheriff of Williamson County, and was Sheriff throughout the relevant period. In that capacity, he is in charge of the Williamson County Jail (the "Jail"). By law, custom, and/or delegation, he has policymaking authority over the jail for the actions at issue.

8. CUNDIFF is responsible for ensuring that the policies and practices of the Williamson County Jail comply with federal and state requirements for the treatment of

2

detainees, including that detainees are supervised in a way that provides them with humane, safe detention and with appropriate medical care.

9. At all times relevant to this complaint, CUNDIFF had personal knowledge that detainees were not being supervised in such a manner, and thus that the Jail, its employees, and its contractors were not meeting their obligations to safely detain people, and that Cundiff implemented, enforced, and/or condoned these conditions. He is sued in his official and individual capacities for the challenged actions and omissions.

10. Defendant THE COUNTY OF WILLIAMSON is a county of the State of Illinois. It oversees the Williamson County Sheriff's Office which in turn operates the Williamson County Jail.

### The Death of Mr. Okoro

11. In early October, 2008, Phillip Okoro was arrested at his residence in Williamson County for a property crime. He was taken to the Williamson County Jail.

12. The same day that Mr. Okoro was arrested, family members began calling the Williamson County Jail. They informed jail employees, both the medical staff and correctional employees, of Mr. Okoro's mental illness and his diabetic condition. Mr. Okoro's family was assured that the jail was aware of these issues, and that the medical staff would care for him while he was in their custody.

13. During the time he was incarcerated at Williamson County Jail, Mr. Okoro was mostly kept in his cell, and was primarily detained in isolation. He was completely at the mercy of the jail's employees to have his blood sugar level monitored, receive insulin shots, and receive other appropriate medical care. Because of his mental illness, he was unable to advocate for himself or properly provide himself this critical medical treatment.

14. Despite actual knowledge of Mr. Okoro's condition, employees at the Williamson County Jail did not provide him with necessary care. They failed to regularly test his blood sugar

levels, and did not ensure that he received sufficient insulin to keep his blood sugar level steady. Mr. Okoro was helpless to do anything about this.

15. On December 23, 2008, Mr. Okoro collapsed in his cell from the effects of this inadequate care. He was taken to Heartland Regional Medical Center, but was pronounced dead. An autopsy revealed his death was the result of diabetic ketoacidosis, a medical condition caused by inadequate insulin levels.

16. Mr. Okoro's death was completely preventable. Had Mr. Okoro received the blood sugar level testing and insulin that he required, he would not have suffered injury, much less death.

### Count I - 42 U.S.C. §1983
### Violations of Constitutional Rights

17. Each Paragraph of this Complaint is incorporated herein

18. Defendants knew that Mr. Okoro's medical condition required careful monitoring and treatment, but failed to provide him with appropriate care, and thus were deliberately indifferent to the serious risk of Mr. Okoro's death in the jail.

19. Such violations of Mr. Okoro's rights were undertaken under the policy and practice of the Williamson County Sheriff's Office (the "Office"). Specifically, the Office was the moving force behind the deliberate indifference to detainees' physical health and safety, including failing to adequately train, supervise, and control its employees and contractors in the proper evaluation and supervision of detainees.

20. In addition, Defendant CUNDIFF and as-yet unknown Williamson County Jail supervisors instituted the deliberately indifferent conditions, condoned these conditions, and/or knew about these conditions, had supervisory responsibility to prevent and/or stop them, and failed to do so.

21. Defendants' above-described actions and omissions were undertaken intentionally and with willful indifference to Mr. Okoro's constitutional rights.

22. Defendants' actions and omissions were the direct and proximate cause of the violations of Mr. Okoro's federal constitutional rights, of Mr. Okoro's death, and of the damages suffered by his heirs.

23. As a result of Defendants' actions and omissions, Mr. Okoro and his heirs suffered and/or will continue to suffer damages, including wrongful death, loss of love and companionship, money damages, loss of contributions, and severe emotional distress.

24. The actions and omissions described in this county, undertaken by the named Defendants and other unknown employees and contractors of Williamson County, Illinois were done in such a way that their employers are liable for the actions and omissions.

### Count II - State Law Claim
### Wrongful Death

25. Each Paragraph of this Complaint is incorporated herein

26. Plaintiff claims damages for the wrongful death of Mr. Okoro and for their loss of his income, protection, care, assistance, society, companionship, comfort, service, counsel and advice, as well as for their mental anguish caused by this loss and for funeral and burial expenses pursuant to 740 ILCS 180/1, commonly referred to as the Illinois Wrongful Death Act.

### Count III – State Law Claim
### Survival Action

27. Each of the foregoing paragraphs is incorporated in this Count as if restated herein.

28. As a result of the misconduct described above, Phillip Okoro was battered and was forced to endure great conscious pain and suffering before his death.

29. Decedent filed no action during his lifetime, but under the laws of the State of Illinois this action survives and may be asserted by his Estate.

30. Plaintiff, on behalf of the Estate of Phillip Okoro, herself, and Phillip Okoro's remaining next-of-kin, claim damages for the conscious pain and suffering of Decedent, pursuant to 755 ILCS 5/27-6, commonly referred to as the Illinois Survival Act.

### Count IV – State Law Claim
### Family Expense

31. All of the paragraphs of this Complaint are incorporated in this Count as if restated herein.

32. Plaintiffs, on behalf of themselves and Decedent's remaining next-of-kin, claim damages for their losses compensable under 750 ILCS 65/15, commonly referred to as the Illinois Family Expense Act, and Illinois common law.

### Count V - State Law Claim
### Intentional Infliction of Emotional Distress

33. Plaintiff incorporates all of the paragraphs in this Complaint as if fully restated here.

34. Defendants' failure to provide necessary medical treatment to Mr. Okoro was extreme and outrageous conduct.

35. This extreme and outrageous conduct was rooted in an abuse of power and authority.

36. This extreme and outrageous conduct was undertaken with intent and/or knowledge that the conduct was extremely likely to inflict emotional distress on Mr. Okoro.

37. Mr. Okoro suffered damages as a result of the intentional infliction of emotional distress by Defendants.

### Count VI – State Law Claim
### Respondeat Superior

38. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

39. In committing the acts alleged in the preceding paragraphs, Defendants CUNDIFF and UNKNOWN EMPLOYEES AND SUPERVISORS OF THE WILLIAMSON COUNTY JAIL were each employees of, and agents of, the COUNTY OF WILLIAMSON acting at all relevant times within the scope of his or her employment.

40. Defendant COUNTY OF WILLIAMSON is liable as principal for all torts committed by its agent.

### Count VII – State Law Claim
### Indemnification

41. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

42. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

43. Defendants CUNDIFF and UNKNOWN EMPLOYEES AND SUPERVISOR OF THE WILLIAMSON COUNTY JAIL are or were employees of THE COUNTY OF WILLIAMSON, who acted within the scope of their employment in committing the misconduct described herein.

### Willful and Wanton

44. All of the paragraphs of this Complaint are incorporated in this Count as if restated herein.

45. Defendants maintained a course of action which demonstrated a deliberate intention to harm, or conscious disregard for the safety of others.

46. Defendants were conscious that an injury would result from the above-described course of action and recklessly disregarded the consequences of those actions.

47. Plaintiffs claim damages for the willful and wanton conduct of Defendants.

### Requests for Relief

WHEREFORE, JACLYN CURRIE, as personal representative, Administrator for the Estate, and on behalf of the heirs of PHILLIP OKORO, respectfully request that this Court award against Defendants damages, including punitive damages against the Defendants in their individual capacities, costs, and attorneys fees, and grant any other relief this Court considers just and proper.

## Jury Demand

Plaintiff, JACLYN CURRIE, as personal representative, Administrator for the Estate, and on behalf of the heirs of PHILLIP OKORO, respectfully demands trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,

/s Tara Thompson
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Tara Thompson
LOEVY & LOEVY
312 North May St.
Suite 100
Chicago, IL 60607
(312) 243-5900