IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACLYN CURRIE, as Personal Representative, Administrator for the Estate and on behalf of PHILLIP OKORO,<br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>TOM CUNDIFF, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF WILLIAMSON COUNTY, ILLINOIS; THE COUNTY OF WILLIAMSON AND UNKNOWN EMPLOYEES AND SUPERVISORS OF WILLIAMSON COUNTY JAIL,<br>　　　　　　　　　　Defendants. | Case No. 09-CV-0866-MJR |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Jaclyn Currie represents the decedent Phillip Okoro, who died December 23, 2008 allegedly while in defendants' custody. She brings this action under various state court theories but this Court enjoys subject matter jurisdiction under 42 U.S.C. § 1983 pursued in Count 1.

The Court now resolves the pending motions. Analysis of Defendants' Motion to Set Aside the Clerk's Entry of Default (Doc. 16) begins with the applicable legal standard.

Federal Rule of Civil Procedure 55(c) allows a court to set aside a clerk's entry of default "for good cause." *Judson Atkinson Candies, Inc. v.*

*Latini-Hohberger Dhimantec*, 529 F.3d 371, 385 (7th Cir. 2008). The Rule does not delineate precisely what constitutes "good cause." But the Seventh Circuit has explained:

> Rule 55(c) requires "good cause" for the judicial action, not "good cause" for the defendant's error; as used in this Rule, the phrase is not a synonym for "excusable neglect."

*Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007).

Other cases have described with more specificity what satisfies this standard. Put simply, three requirements must be met to support the judicial action of setting aside the entry of default. To prevail on a Rule 55(c) motion to set aside a, the movant must demonstrate (1) good cause for his default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *Sun v. Bd. of Trs. of Univ.*, 473 F.3d 799, 809-10 (7th Cir.), *cert. denied*, 127 S. Ct. 2941 (2007); *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994).

And clearly the standard for setting aside a clerk's *entry of default* is lenient and "gives the court greater freedom in granting relief than is available in the case of default judgments." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2692, at 88 (3d ed. 1998)).

This Court has considered the ample record before it (the motion supported by the affidavit of defense counsel, see Doc. 16) and concludes defendants

have satisfied the lenient standard for setting aside a clerk's entry of default.

First, they have tendered a reasonable explanation for their default (a change of insurers left uncertain which was responsible for defending this matter).

Second, the motion for default was prompted by the Court via a notice of impending dismissal (Doc. 9) which negates any claim of prejudice on plaintiffs' part due to the passage of time. Moreover, once default was requested defense counsel entered his appearance within a week and moved to set it aside 5 days later with all this occurring near or over the Christmas Holidays.

Third, defendants have outlined (or made a "sufficient showing" of) meritorious defenses to the complaint (e.g., statute of limitations, and various immunity claims as well as claims the complaint fails to state a cause of action).

Fourth, although the motion has been pending since December 26, 2009, no response objecting to the motion has been filed. Local Rule 7.1(g), effective December 1, 2009, indicates that for all motions other than those listed in 7.1(c) (mainly dispositive motions), a party opposing the motion has 14 days after service of the motion to file response. Doing the math, 14 days plus the three-day grace period due to service by mail means a total of 17 days for response time. Defendants' motion was filed on December, 26, 2009, so the 17 days has expired without a response filed.

The purpose and intent of Rule 55(c) have been fulfilled. *See Cracco*, **559 F.3d at 631.** Therefore, the Court **GRANTS** Defendant's motion (Doc. 16) and

**SETS ASIDE** the clerk's entry of default (Doc. 12).

The Court now turns to the motion of the Defendants to File an Answer Instanter (Doc. 15). The Motion is **GRANTED**. Defendants shall file their Answer by January 28, 2010. This ruling renders the motion to extend the time to file an answer (Doc. 14) **MOOT**.

**IT IS SO ORDERED.**

**DATED January 23, 2010.**

                                                  s/Michael J. Reagan
                                                  MICHAEL J. REAGAN
                                                  United States District Judge