## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JACLYN CURRIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.  09-cv-866-MJR |
| TOM CUNDIFF, | ) | |
| WILLIAMSON COUNTY, ILLINOIS, | ) | |
| UNKNOWN EMPLOYEES AND | ) | |
| SUPERVISORS OF WILLIAMSON | ) | |
| COUNTY JAIL, | ) | |
| GARY TYNER, | ) | |
| DAVID SWEETIN, | ) | |
| ROBERT CRAIG, | ) | |
| DENNIS PINKERTON, | ) | |
| OFFICER DARREN FERRELL, | ) | |
| OFFICER R. HORN, | ) | |
| OFFICER BRANDY MILANI, | ) | |
| OFFICER C.J. WATTS, | ) | |
| HEALTH PROFESSIONALS, LTD., | ) | |
| DOCTOR JOGENDRA CHHABRA, | ) | |
| MARILYN ANN LYNN, and | ) | |
| BENNIE VICK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

From a practical standpoint, punitive damages appear quite important to the parties' respective strategic positions, and to how this case will be tried.  Therefore, in advance of trial, the reasonable likelihood of the availability of punitive damages relative to the remaining claims must be assessed, as well as the proper burden of proof for such damages.  All parties have briefed the issues (*see* Docs. 163 & 165).

1.      The Nature of the Case and Procedural History

In December 2008, Phillip Okoro, who was being held in the Williamson County Jail, died as a result of diabetic ketoacidosis.  Plaintiff Jaclyn Currie, as administrator of Okoro's estate, and as the personal representative of his heirs, brought suit on October 14, 2009 (Doc. 2). Plaintiff originally brought suit against Williamson County, Illinois, various jail officials, the contract healthcare providers and their employer, Health Professionals, Ltd.  At this juncture, the Plaintiff's Third Amended Complaint (Doc. 159) controls, and the only remaining claims are against the contract healthcare providers, Dr. Chhabra and Nurse Reynolds, and their employer, Health Professionals, Ltd.   The complaint asserts the following claims:

| | |
|---|---|
| Counts 1-3: | civil rights claims pursuant to 42 U. S. C. § 1983; |
| Counts 4-6: | claims under the Illinois Wrongful Death Act, 740 ILCS 180/1; |
| Counts 7-9: | claims under the Illinois Survival Act, 755 ILCS 5/27-6; |
| Counts 10-12: | state law claims for intentional infliction of emotional distress; |
| Count 13: | a state law claim against only Health Professionals, Ltd., asserting *respondeat superior* liability; |
| Counts 14-16: | state law claims for willful and wanton conduct. |

2.  Plaintiff's Prayer for Relief

A review of the Third Amended Complaint (and the original Complaint) reveals that the claims seek varying damages.  For example, the Section 1983 claims seek only "damages," while the wrongful death claims specify a variety of specific damages.  None of the

2

16 claims include a specific prayer for punitive damages.  However, the complaint includes a general "Request for Relief," which specifically requests punitive damages.

The Court of Appeals for the Seventh Circuit has not decided whether punitive damages must be specifically pled in a complaint, but it has observed that it is the law of the Circuit that "district courts should afford the prevailing party the relief to which it is entitled without regard to errors in the pleadings." *Soltys v. Costello*, 520 F.3d 737 742 (7th Cir. 2008) (quoting *Old Republic Insurance Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1080 (7th Cir. 1998)).[1]  The Court has discretion to award both legal and equitable relief as appropriate. *Old Republic Insurance Co.*, 144 F.3[rd] at 1080; Fed.R.Civ.P. 54(c), Advisory Committee Note to 1937 Adoption, Subdivision (c).  With respect to the state law claims, a plaintiff need only plead allegations constituting willful and wanton conduct.  *See Giles v. General Motors Corp.*, 802 N.E.2d 858, 865-866 (Ill.App.5[th] Dist. 2003).

Given Plaintiff's general prayer for punitive damages, and allegations of intentional, willful, extreme and outrageous conduct and abuse of power, the pleadings sufficiently frame the prayer for relief to warrant further analysis.

### 3.   The Legal Viability of Punitive Damages

Plaintiff persists in claiming a general entitlement to punitive damages relative to the Section 1983 federal claims, and all of the state law claims, based on the alleged behavior of each Defendant.   Defendants analyze each claim, addressing both legal and factual considerations.  As a matter of law, punitive damages are not available in all of Plaintiff's claims, so those claims for which punitive damages are legally unavailable must be winnowed away.

---

[1] Federal Rule of Civil Procedure 54(c) distinguishes default judgment, where only the damages sought in the pleadings are available.

a.  <u>The Section 1983 Claims</u>

Punitive damages are recoverable in Section 1983 actions where the defendant had a reckless or callous disregard to the federally protected rights of others.  *Smith v. Wade*, 461 U.S. 30, 35, 51 (1983); *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917, 930 (7th Cir. 2004).

Counts 1-3 allege "deliberate indifference," which equates to the threshold standard necessary for punitive damages.   *See Woodward*, 368 F.3d at 930.   The Court has already ruled that, given the decedent Okoro's status as an arrestee who had not had a probable cause hearing, the Fourth Amendment's Due Process Clause provides the standard for evaluating Okoro's conditions of confinement.  *Gerstein v. Pugh*, 420 U.S. 103, 123-125 (1975); *Lopez v. City of Chicago*, 464 F.3d 711, 718-719 (7th Cir. 2006); *see also Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007).    Therefore, liability will attach if Defendants' behavior was only "objectively unreasonable"—which is a less onerous standard than "deliberate indifference," the standard necessary for punitive damages.  Although Defendants have moved to dismiss Counts 1-3, at this juncture the Court need <u>not</u> delve into whether Counts 1-3 can stand as pled; the Motion to Dismiss will be address by separate order.

Plaintiff has submitted the opinion of Louis H. Philipson, M.D., Ph.D., Professor, Professor and Director of the Kovler Diabetes Center at the University of Chicago (Doc. 163-1). Dr. Philipson opines that the way in which Okoro's diabetes was evaluated and treated fell so far below the minimal guidelines and standard of care as to constitute indifference.    Although that is a legal conclusion, the details of the report and the factual underpinnings are sufficient to satisfy the Court that Plaintiff has a reasonably viable claim for punitive damages relative to Counts 1-3, the Section 1983 claims.

b.   The Survival Act

In Counts 7-9, Plaintiff invokes the Illinois Survival Act, 755 ILCS 5/27-6, in order to pursue claims for Okoro's pain and suffering prior to death.   The Survival Act itself does not create a cause of action; rather, it specifies which tort claims survive the injured person's death. *Vincent v. Alden-Park Strathmoor, Inc.*, 928 N.E.2nd 115, 117 (Ill.App.2nd Dist. 2010); *Raisl v. Elwood Industries, Inc.*, 479 N.E.2d 250 (Ill.App. 1st Dist. 2011).   Also, the Survival Act is silent regarding punitive damages. *Id.*   However, the Supreme Court of Illinois has held that common law punitive damages abate upon death, and the Survival Act does nothing to change that.   *Vincent v. Alden-Park Strathmoor, Inc.*, 948 N.E.2d 610, 615 (Ill. 2011). Therefore, in a case where the injured person is deceased, punitive damages are only available if otherwise specifically authorized by statute. *Marston v. Walgreen Co.*, 907 N.E.2d 851, 857 (Ill.App. 1st Dist. 2009).[2]   Consequently, the other state law claims will be analyzed.

c.   Wrongful Death Act Claims

Counts 4-6 assert claims under the Illinois Wrongful Death Act, 740 ILCS 180/1. The Act itself does not provide for punitive damages, and (as previously noted) the common law right to seek punitive damages does not survive the death of the injured party; therefore, punitive damages are unavailable relative to Counts 4-6.   *See generally Vincent v. Alden-Park Strathmoor, Inc.*, 948 N.E.2d 610, 614-616 (Ill. 2011); *see also Mattyasovszky v. West Towns Bus. Co.*, 313 N.E.2d 496, 502-503 (Ill. 1974) (specifically vacating an award of punitive

---

[2] There is one recognized exception:  when a party would otherwise be left without any remedy, equitable considerations would permit punitive damages. *Marston v. Walgreen Co.*, 907 N.E.2d at 857 (citing *Ballweg v. City of Springfield*, 499 N.E.2d 1373, 1377–1378 (Ill. 1986); *Froud v. Celotex Corp.*, 456 N.E.2d 131, 136 (Ill. 1983); *Mattyasovszky v. West Towns Bus Co.*, 330 N.E.2d 509, 511–513 (Ill. App. 2nd Dist.1975)).  Plaintiff has not made such an argument.

damages in a Wrongful Death Act claim); and *In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 644 F.2d 594, 605-606 (7th Cir. 1981) (interpreting Illinois law as not permitting punitive damages for a Wrongful Death Act claim, nor for a Survival Act claim).

d.   Intentional Infliction of Emotional Distress

Counts 10-12 present common law claims for intentional infliction of emotional distress.  The Supreme Court of Illinois has long recognized that, because the outrageousness of a defendant's conduct is the basis for a claim of intentional infliction of emotional distress, awarding punitive damages would amount to double recovery.  *Knierim v. Izzo*, 174 NE.2d 157, 165 (Ill. 1961); *Gragg v. Calandra*, 696 N.E.2d 1282, 1290 (Ill.App. 2nd Dist. 1998).  Therefore, punitive damages are unavailable relative to Counts 10-12.

e.   Willful and Wanton Conduct

Claims 14-16 assert common law claims of willful and wanton conduct.  Again, common law punitive damages abate upon death, and the Survival Act does nothing to change that.  *Vincent v. Alden-Park Strathmoor, Inc.*, 948 N.E.2d 610, 615 (Ill. 2011); *see also LaSalle National Bank v. Willis*, 880 N.E.2d 1075, 1083-1087 (Ill.App.1[st] Dist. 2007) (punitive damages unavailable for a claim of willful and wanton conduct, absent a specific statutory authorization).

f.   Respondeat Superior

In Count 13, Plaintiff asserts that, under the *respondeat superior* indemnity doctrine, Defendant Health Professionals, Ltd., is liable as a principal for the torts committed by its agents, Dr. Chhabra and Nurse Reynolds. Under Illinois law, if the liability of a corporation is premised upon a theory of *respondeat superior,* imposition of punitive damage is "narrowly circumscribed." *Kennan v. Checker Taxi Co.,* 620 N.E.2d 1208 (Ill.App.1[st] Dist.1993). Complicity on the part of the principal is required.

> [P]unitive damages can be awarded against a principal for the act of an
> agent if: (a) the principal authorized the doing and the manner of the act,
> or (b) the agent was unfit and the principal was reckless in employing him,
> or (c) the agent was employed in a managerial capacity and was acting in
> the scope of his employment, or (d) the principal or a managerial agent of
> the principal ratified or approved the act.

*Lawlor v. North American Corp. of Illinois*, 949 N.E.2d 155, 174 (Ill.App. 1st Dist. 2011).

A prerequisite for *respondeat superior* liability is that an employee has been found liable and to have the requisite aggravating motivation for punitive damages. *Kennan*, 620 N.E.2d at 1212-1213 (citing and quoting *Tolle v. Interstate Systems Truck Lines, Inc.*, 356 N.E.2d 625, 627 (Ill.App.5th Dist. 1976). For the reasons explained, punitive damages are, as a matter of law, unavailable on any of Plaintiff's state law tort claims.

There is no possible basis for *respondeat superior* liability. The only claim upon which there can be punitive damages is the federal Section 1983 claim, and the *respondeat superior* doctrine is inapplicable to Section 1983 claims. "A 'private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights.' *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

### 4.   The Applicable Evidentiary Burden

Plaintiff's Section 1983 claims premised upon the Fourth Amendment must be proven by a preponderance of the evidence. *Guenther v. Holmgreen*, 738 F.2d 879, 888 (7th Cir. 1984). Seventh Circuit Civil Pattern Jury Instruction 7.24 regarding punitive damages in Section 1983 cases uses the preponderance of the evidence standard. However, the Seventh Circuit actually has not taken a position on the required burden of proof. *See* 7thCir.Civ.Pattern

Instruction 7.24, Committee Comments; *see also Coulter v. Vitale*, 882 F.2d 1286, 1289 (7th Cir. 1989) (declining to decide the issue because the objection had not been properly preserved).

Defendants, who do not think punitive damages are available on any claim, have not taken a position on the applicable evidentiary standard.   Plaintiff advocates for the preponderance standard.   Plaintiff reasons that the higher threshold for punitive damages does not require a higher evidentiary standard.

There is no controlling precedent for applying the higher clear and convincing standard.   Section 1983 does not prescribe a particular burden of proof for punitive damages. The Court of Appeals for the Seventh Circuit recently took note of "the Supreme Court's insistence on a presumption in favor of the less onerous standard of preponderance of the evidence in federal civil cases."   *S.E.C. v. First Choice Management Services, Inc.,* __F.3d __, 2012 WL 1506014, 6 (C.A.7 (7th Cir. May 1, 2012) (citing *Grogan v. Garner,* 498 U.S. 279, 286 (1991); and *Herman & MacLean v. Huddleston,* 459 U.S. 375, 387–391 (1983)).   According to the Supreme Court, exceptions to this general rule are uncommon, and are ordinarily recognized only when taking unusual coercive action-- action more dramatic than imposing an award of money damages or other conventional relief.   *Price Waterhouse v. Hopkins*, 490 U.S. 228, 253 (1989).   The imposition of punitive damages is a conventional form of monetary relief. There is certainly a coercive aspect to punitive damages, but, as Plaintiff suggests, the higher level of culpability that is required for punitive damages is a reflection of the aggravating motivation and coercive nature for such damages.   Therefore, this Court will apply the preponderance standard to any punitive damages claim the is presented to the jury.

8

5.   Conclusion

For the reasons stated, when this Case proceeds to trial, punitive damages will only be available as to Counts 1-3, Plaintiff's Section 1983 claims.  Punitive damages will have to be proven by a preponderance of the evidence.  Of course, Plaintiff's prayer for punitive damages on those Section 1983 claims is still subject to attack via Fed.R.Civ.P. 50.

**IT IS SO ORDERED.**

**DATED: May 10, 2012**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**