IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACLYN CURRIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 09-cv-866-MJR |
| DOCTOR JOGENDRA CHHABRA, ) | |
| HEALTH PROFESSIONALS, LTD, and ) | |
| MARILYN ANN (LYNN) REYNOLDS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Defendants Health Professionals, Ltd. ("HPL"), Dr. Jogendra Chhabra and Nurse Marilyn Ann (Lynn) Reynolds are before the Court seeking dismissal of the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted (Doc. 164). Plaintiff Jaclyn Currie has filed a response (Doc. 172), to which Defendants have filed a reply (Doc. 176).

1. Procedural History

In December 2008, Phillip Okoro, who was being held in the Williamson County Jail, died as a result of diabetic ketoacidosis.[1] Plaintiff Jaclyn Currie, as administrator of Okoro's estate, and as the personal representative of his heirs, brought suit on October 14, 2009 (Doc. 2). Plaintiff filed suit against jail officials, the contract healthcare providers and their employer, Health Professionals, Ltd., and Williamson County, Illinois.

---

[1] According to the National Institute of Health (NIH), diabetic ketoacidosis occurs in people with diabetes when the body cannot use sugar (glucose) as a fuel source because there is no insulin or not enough insulin, so fat must be used for fuel instead, which creates a byproduct known as ketones. Keytones are acids, and in high levels they are poisonous; this condition is known as ketoacidosis and it can be fatal. http://www.nlm.nih.gov/medlineplus/ency/article/000320.htm

1

Williamson County and the jail officials were denied summary judgment and shortly thereafter reached a settlement agreement (which has yet to be approved by the Court). The settlement was reached just hours after the Court ruled that the federal civil rights claims were governed by the Fourth Amendment's "objectively unreasonable" standard, which is applicable to arrestees who have not had a probable cause hearing, rather than the "deliberate indifference" standard that applies to pretrial detainees by way of the Fourteenth Amendment. *See Gerstein v. Pugh,* 420 U.S. 103, 123-125 (1975); *Lopez v. City of Chicago*, 464 F.3d 711, 718 -719 (7th Cir. 2006); *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007).

The Complaint and the First and Second Amended Complaints all alleged "deliberate indifference," the standard associated with the Fourteenth Amendment and applicable to pretrial detainees. Okoro's custodial and legal status did not come into question until after the close of discovery when Plaintiff responded to the jail officials' motion for summary judgment and questioned which legal standard was applicable (Doc. 97, pp. 21-23). Plaintiff characterized the question as "largely academic"—which is odd, considering that the fate of Plaintiff's case depends on the sufficiency of the pleadings and the applicable standard for liability.

In light of the Court's March 22, 2012, Order, the Final Pretrial Order drafted by the parties and approved by the Court during the March 23, 2012, final pretrial conference reflects that Okoro was an arrestee whose claims fall within the ambit of the Fourth Amendment (Doc. 155). Because various claims and defendants were no longer in the case, and for other "housekeeping" reasons, Plaintiff was directed to file a Third Amended Complaint in advance of trial, which was set to begin on April 2, 2012. The Third Amended Complaint (Doc. 159) now controls.

2. Federal Rule of Civil Procedure 12(b)(6)

Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Industries, Inc., Ltd. v. Price Waterhouse Coopers, LLP,* 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006). Although federal complaints need only plead claims (not facts), the pleading regime created by *Bell Atlantic* requires the complaint to allege a plausible theory of liability against the defendant. *Sheridan v. Marathon Petroleum Co., LLC,* 530 F.3d 590, 596 (7th Cir. 2008); s*ee also Limestone Dev. Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803-804 (7th Cir. 2008).

In *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008), the Court of Appeals for the Seventh Circuit emphasized that even though *Bell Atlantic* "retooled federal pleading standards," notice pleading is still all that is required. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Id. Accord Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008) (the allegations "must be enough to raise a right to relief above the speculative level").

3. Analysis

Defendants move to dismiss Counts One through Three, the federal civil rights claims brought pursuant to 42 U.S.C. § 1983. Assuming the Section 1983 claims are dismissed,

3

Defendants further move for the Court to relinquish supplemental jurisdiction over the other state law claims, Counts Four through Sixteen.  Defendants contend that since the Court has ruled that the Fourth Amendment "objectively unreasonable" standard applies to Plaintiff's Section 1983 claims, Counts One through Three must be dismissed because those claims allege "deliberate indifference." Defendants also take issue with Plaintiff changing the legal standard for liability without their having an opportunity to respond.  Defendants further contend that altering the standard for liability at such a late point in the proceedings is prejudicial to their preparation and strategy.   In the alternative, Defendants request that Plaintiff amend the complaint to cure the pleading defects.

Plaintiff initially explains that that the standard of liability was not altered in the Third Amended Complaint because the Court did not specifically direct that such a change be made.  The main topic of discussion at the final pretrial conference was the altered standard for liability and the dismissal of eighty claims and twelve defendants—all of which is reflected in the Final Pretrial Order.  A pretrial order supersedes the pleadings and establishes the issues for trial. *Vaughn v. King*, 167 F.3d 347, 352 (7th Cir. 1999); *Wilson v. Kelkhoff*, 86 F.3d 1438, 1442 (7th Cir. 1996); *Erff v. MarkHon Industries, Inc.*, 781 F.2d 613, 617 (7th Cir. 1986).  The Court directed that the complaint be amended to comport with its March 22, 2012, Order, which explained that the Fourth Amendment controlled the Section 1983 claims.  The purpose of amendment was to produce a complaint that reflected the current posture of the case, as already reflected in the Final Pretrial Order. Therefore, it defies logic how Plaintiff could continue to use the Fourteenth Amendment.  Nevertheless,  Defendants have not been prejudiced and they have been on notice of the applicability of the Fourth Amendment.

Defendants argue that they were not given an opportunity to be heard before the standard for Section 1983 liability was altered, implying that Plaintiff orchestrated the late change. The Fourth Amendment standard is a lower threshold and, therefore, more favorable to Plaintiff. Therefore, there was no reason for Plaintiff to plead a higher standard, which could have resulted in Plaintiff losing the case on a motion for summary judgment. HPL, Dr. Chharbra and Nurse Reynolds were served with Plaintiff's response to the jail officials' motion for summary judgment, wherein the applicable legal standard was first raised. Defendants could have interjected themselves at that point, but they did not do so. The Court can only speculate that <u>none</u> of the parties ever confirmed that there had been a finding of probable cause at Okoro's arraignment. Given that Okoro had been incarcerated for more than two months, it appears that something went terribly wrong just in terms of criminal procedure. In any event, the Court must apply the Fourth Amendment standard as a matter of law.

At this juncture, all parties must adjust their strategies and proceed accordingly. The parties' discovery is not affected by lowering the legal standard, particularly given that Plaintiff is seeking punitive damages, which require a showing of reckless or callous disregard.

A Fourth Amended Complaint is necessary to correctly reflect the applicability of the Fourth Amendment standard relative to the Section 1983 claims, even though the Court considers the issues to have already been set by the Final Pretrial Order.

### 4. Conclusion

For the reasons stated, Defendants Health Professionals, Ltd., Dr. Jogendra Chhabra and Nurse Marilyn Ann (Lynn) Reynolds' motion to dismiss the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted (Doc. 164) is **GRANTED**, in that Plaintiff Jaclyn Currie's Third

Amended Complaint (Doc. 159) is **DISMISSED**, without prejudice and with leave to file a Fourth Amended Complaint that comports with the Final Pretrial Order and current posture of the case.  No additional or new claims may be asserted.  Plaintiff's Fourth Amended Complaint shall be filed on or before **May 25, 2012**.

Failure to file an amended complaint as directed may result in dismissal of Counts One through Three with prejudice, and a declination of supplemental jurisdiction over the remaining state law claims.

Defendants shall file their answer on or before **June 1, 2012**.

This case remains on the Court's back-up docket and may be called for trial on short notice.

**IT IS SO ORDERED.**

**DATED:  May 22, 2012**

                                                 **s/ *Michael J. Reagan***
                                                 **MICHAEL J. REAGAN**
                                                 **UNITED STATES DISTRICT JUDGE**