IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACLYN CURRIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.  09-cv-866-MJR |
| TOM CUNDIFF, ) | |
| WILLIAMSON COUNTY, ILLINOIS, ) | |
| UNKNOWN EMPLOYEES AND ) | |
| SUPERVISORS OF WILLIAMSON ) | |
| COUNTY JAIL, ) | |
| GARY TYNER, ) | |
| DAVID SWEETIN, ) | |
| ROBERT CRAIG, ) | |
| DENNIS PINKERTON, ) | |
| OFFICER DARREN FERRELL, ) | |
| OFFICER R. HORN, ) | |
| OFFICER BRANDY MILANI, ) | |
| OFFICER C.J. WATTS, ) | |
| HEALTH PROFESSIONALS, LTD., ) | |
| DOCTOR JOGENDRA CHHABRA, and ) | |
| MARILYN ANN LYNN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Before the Court is Defendants Health Professionals, Ltd., Dr. Jogendra Chhabra and Nurse Marilynn Ann (Lynn) Reynolds' Motion to Strike Plaintiff's Rule 26(a)(2)(C) Supplemental Disclosure of New Expert Witness Opinions (Doc. 179). Defendants would have the Court: (1) strike Plaintiff Jaclyn Currie's Supplemental 26(a)(2) Disclosures (Doc. 179-3) relative to the expert opinions of Dr. Russell Deidiker and bar him from expressing "new" opinions as set forth in the supplemental disclosures; or (2) permit Defendants to conduct

1

additional discovery regarding Dr. Deidiker's supplemental opinions, and grant leave for Defendants to obtain an expert's opinion regarding the supplemental disclosures.

Pursuant to Federal Rule of Civil Procedure 26(a)(1), on November 27, 2011, Plaintiff Jaclyn Currie disclosed Dr. Russell Deidiker as a person with knowledge of the events described in the complaint (Doc. 179-2, p. 4).  Dr. Deidiker conducted the autopsy of the decedent, Phillip Okoro.  Dr. Deidiker was deposed on November 18, 2011—before he was formally disclosed.  On May 14, 2012, Plaintiff Jaclyn Currie served a supplemental disclosure pursuant to Federal Rule of Civil Procedure 26(a)(2)(C)[1] relating to Dr. Deidiker's expert testimony regarding whether the information available as part of the autopsy report establishes whether the decedent, Phillip Okoro, was dehydrated and hypoglycemic at death (*see* Doc. 179-3).

As a preliminary matter, the procedural posture of this dispute must be addressed.  The scheduling order, proposed by the parties and approved by the Court, prescribes deadlines for each party to disclose and depose their respective expert witnesses; all discovery was to be completed by December 2, 2011 (Doc. 57).  It will suffice to say that the parties did not adhere to the schedule, and they must now suffer the consequences.  Although the parties corresponded regarding informal arrangements to conduct discovery after the discovery cutoff, because they did not memorialize their agreements in a document signed by all parties, there is no enforceable schedule other than the Court-sanctioned schedule.  In any event, because this case pertains to a

---

[1] Federal Rule of Civil Procedure 26(a)(2)(C) is a relatively new provision, effective December 1, 2010.  Rule 26(a)(2)(C) requires a written report be produced relative to non-retained expert witnesses, summarizing the facts and opinions to which the expert is expected to testify.  Citing the non-precedential, unpublished decision in *Haack v. Bongiorno*, 2011 WL 862239 (N.D. Ill. Mar. 4, 2011), Defendants contend that, although this action was initiated in 2009, before such a report was required, Rule 26(a)(2)(C) should be applied as" just and practicable."  The Court need pause only long enough to note that Plaintiff, in filing a Rule 26(a)(2)(C) non-retained expert disclosure, has obviously conceded that the rule is applicable.

man's death under questionable circumstances, justice dictates that the Court overlook the parties' *laissez-faire* approach to Court Orders, lest all experts be stricken. In any event, the Final Pretrial Order entered March 23, 2012, lists Dr. Deidiker as an expert expected to be called by both Plaintiff and Defendants (Doc. 155). Therefore, any objection to the timing or propriety of Dr. Deidiker's disclosure as an expert is deemed waived.[2]

Dr. Deidiker declared that the cause of Mr. Okoro's death was diabetic ketoacidosis. In pertinent part, Dr. Deidiker's November 2011 deposition testimony was that, based on the autopsy "labs," there was no indication of dehydration, and that a diabetic can have frequent and extreme fluctuations in blood sugar levels and an autopsy could show hyperglycemia, but not hypoglycemia (Doc. 179-1, pp. 12 and 18).

At the March 23, 2012, Final Pretrial Conference, it was informally agreed that Defendants' expert, Dr. E.J. Cunningham, M.D., would be deposed and Plaintiff would have an opportunity to rebut his opinion. Dr. Cunningham, relying on Dr. Deidiker's autopsy report and deposition testimony, opined that, because dehydration is the hallmark of diabetic ketoacidosis, that could not be the cause of death (Docs. 187 and 187). Dr. Cunningham is also of the opinion that Okoro died of "Dead in Bed" syndrome (Doc. 187).

Dr. Deidiker's supplemental opinion indicates that he will testify at trial that the autopsy lab results are, for various reasons, insufficient from which to conclude whether there was dehydration, and dehydration is not dispositive of diabetic ketoacidosis (Doc. 179-3). Dr. Deidiker now also opines that Dead in Bed can be excluded as a cause of death, because that

---

[2] Defendants take issue with Plaintiff waiting until nine days after Dr. Deidiker was deposed to designate Dr. Deidiker as a person with knowledge under Rule 26(1)(1). This objection is also deemed waived.

syndrome is defined by hypoglycemia and the autopsy results definitively show that Okoro was hyperglycemic (Doc. 179-3).

From Defendants' perspective, Dr. Deidiker is offering an entirely new opinion, diametrically opposed to his prior deposition testimony.  In contrast, Plaintiff characterizes the Rule 26(a)(2)(C) disclosure as a supplement, clarifying misconceptions and assumptions drawn by Dr. Cunningham from Dr. Deidiker's deposition testimony. Plaintiff asserts that the confusion stems from defense counsel's inadequate questioning during the deposition− not specifically asking if Dr. Deidiker has an opinion regarding dehydration, and not specifically addressing hypoglycemia and Dead in Bed syndrome.

Dr. Deidiker's deposition was clear and unequivocal, as Defendants contend; however, the questioning was not comprehensive, leaving room for Dr. Deidiker to elaborate, as he has done in his supplemental disclosures.  Citing Federal Rule of Civil Procedure 37(c)(1), which requires "substantial justification" for failing to disclose information required to be disclosed under Rule 26(a)(2), Defendants argue that Dr. Deidiker's "supplemental" testimony must be stricken.  *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (the sanction is automatic and mandatory unless the violation was justified or harmless).

Dr. Cunningham's deposition was not taken until March 29, 2012.  Therefore, his interpretation of Dr. Deidiker's deposition (or misinterpretation, as the situation appears to be) was not known until that time. Consequently, there was no reason for Plaintiff to file a supplement before that time.

The details Dr. Deidiker now desires to testify to do not fall within the ambit of information that must be disclosed under either Rule 26(a)(1), or Rule 26(a)(2)(C).  Rule 26(a)(2)(C) only requires a summary of the opinion of a non-retained expert, and the Advisory

4

Committee Notes to the 2010 Amendments to Rule 26(a)(2)(C) state, "Courts must take care against requiring undue detail. . . ." The Advisory Committee Notes recognize that a non-retained expert witness, such as a physician or other health care professional, may both testify as a fact witness (under Rule 26(a)(1)), and also provide expert testimony.

For the reasons stated, Defendants Health Professionals, Ltd., Dr. Jogendra Chhabra and Nurse Marilynn Ann (Lynn) Reynolds' Motion to Strike Plaintiff's Rule 26(a)(2)(C) Supplemental Disclosure of New Expert Witness Opinions (Doc. 179) is **DENIED**.

It is clear that at trial Dr. Deidiker will be subject to extensive cross-examination, as Defendants attempt to catch-up on discovery that should have been properly conducted long ago. Similarly, Dr. Cunningham's direct and cross-examination will be prolonged as Defendants and Plaintiff explore the basis for his opinions. Therefore, the interest of judicial economy, the parties will be permitted to conduct additional discovery, limited to deposing Dr. Deidiker and Dr. Cunningham. This supplemental discovery must be completed on or before **June 26, 2012**. No other discovery may be conducted.

**IT IS SO ORDERED.**

**DATED: June 11, 2012**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**