IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACLYN CURRIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No.  09-cv-866-MJR |
| TOM CUNDIFF, | ) |
| WILLIAMSON COUNTY, ILLINOIS, | ) |
| UNKNOWN EMPLOYEES AND | ) |
| SUPERVISORS OF WILLIAMSON | ) |
| COUNTY JAIL, | ) |
| GARY TYNER, | ) |
| DAVID SWEETIN, | ) |
| ROBERT CRAIG, | ) |
| DENNIS PINKERTON, | ) |
| OFFICER DARREN FERRELL, | ) |
| OFFICER R. HORN, | ) |
| OFFICER BRANDY MILANI, | ) |
| OFFICER C.J. WATTS, | ) |
| HEALTH PROFESSIONALS, LTD., | ) |
| DOCTOR JOGENDRA CHHABRA, and | ) |
| MARILYN ANN LYNN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**REAGAN, District Judge:**

Defendants Health Professionals, Ltd., Dr. Jogendra Chhabra and Marilyn Ann Lynn have filed multiple motions *in limine* (Docs. 101-114), to which Plaintiff Jaclyn Currie filed an omnibus response (Doc. 134).

## Applicable Legal Standards

*In limine* is Latin for "at the outset."  A motion *in limine* is a motion made at the outset or threshold of the case, typically prior to the commencement of trial.  *See* Black's Law

1

Dictionary (9th ed. 2009).[1]  The Federal Rules of Evidence do not explicitly authorize *in limine* rulings, but the practice of using such rulings has developed under the district court's inherent authority to manage trials.  *Luce v. U.S.,* 469 U.S. 38, 41 n.4 (1984).  "Motions *in limine* are of course common, and frequently granted, in criminal as in civil trials."  *U.S. v. Warner,* 506 F.3d 517, 523 (7th Cir. 2007).

Motions *in limine* are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial."  *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999).  *Accord Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996)(motions *in limine* aid the trial process by "enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence … without lengthy argument at, or interruption of, the trial.").  Such motions permit the district court to eliminate evidence "that clearly ought not be presented to the jury," because it is "inadmissible for any purpose," *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).  Additionally, the "prudent use of the *in limine* motion sharpens the focus of [the] trial proceedings."  *Jonasson*, 115 F.3d at 440.

As the United States Court of Appeals for the Seventh Circuit has summarized: "Motions *in limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues."  *U.S. v. Tokash,* 282 F.3d 962, 968 (7th Cir.), *cert. denied,* 535 U.S. 1119 (2002), *citing U.S. v. Haynes,* 143 F.3d 1089, 1090 (7th Cir. 1998), and *U.S. v. Blassingame,* 197 F.3d 271, 279 (7th Cir. 1999).  *See also U.S. v. Acox,* 595 F.3d 729, 733 (7th

---

[1] The United States Supreme Court has used the term more broadly, "to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984).

Cir. 2010) (If issue raised by motion *in limine* is definitively resolved before trial, an objection at trial is unnecessary).

The court should grant a motion *in limine* only if the movant demonstrates that the evidence in question is inadmissible on any ground, for any purpose. *See, e.g., Jonasson,* 115 F.3d at 440; *Ellis v. Country Club Hills*, 2011 WL 6001148 (N.D. Ill. 2011); *Payne v. Schneider National Carriers, Inc.*, 2011 WL 1575422 (S.D. Ill. 2011).

Motion *in limine* rulings are made before the district court has had a chance to hear all of the evidence or see the trial develop. As such, these rulings are preliminary and may be revisited based on the court's exposure to the evidence at trial. *U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989), *citing Luce,* 469 U.S. at 41 ("a ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Furthermore, a court may defer decision on a motion *in limine* until trial, if the motion needs to be placed in a fact-specific or evidence-specific context. The Seventh Circuit noted in *Jonasson,* 115 F.3d at 440:

> [T]he motion *in limine* is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings. It … permits the trial judge to eliminate from further consideration evidentiary submissions that clearly out not be presented to the jury….
>
> Some evidentiary submissions, however, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. In these instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury.

*See also Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975)(often, the "better practice is to deal with questions of admissibility of evidence as they arise," presenting the issues in a specific context, rather than excluding broad categories of evidence prior to trial); *U.S. v. Brown,* 2011 WL 43038, *3 (N.D. Ill. 2011) (delaying ruling may afford the judge a better opportunity to gauge the impact of the evidence in question); *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F. Supp. 276, 287 (S.D. N.Y. 1996) (district court can deny a motion *in limine* that lacks the necessary specificity as to the evidence to be excluded or the reason for the introduction of such evidence; court also can reserve ruling until trial, when admission of particular pieces of evidence can be viewed in an appropriate factual context.). With these principles in mind, the Court turns to the motions *in limine* filed in the instant case.

### **Defendants' First Motion *In Limine* (Doc. 101)**

Defendants seek to exclude any evidence and prohibit any statement before the jury with respect to Defendants' insurance against liability or other insurance coverage. Plaintiff observes that pursuant to Federal Rule of Evidence 411, evidence of liability insurance is barred, unless offered for another purpose. Plaintiff also notes that at trial the door may be opened for the admission of such evidence. The Court **GRANTS** Doc. 101.

### **Defendants' Second Motion *In Limine* (Doc. 102)**

Defendants move to bar Plaintiff from mentioning or referring to or otherwise conveying to the jury that Dr. Chhabra and Nurse Lynn are vicariously liable via the *respondeat superior* theory of liability. Plaintiff acknowledges that the *respondeat superior* theory of liability is in applicable. The Court **GRANTS** Doc. 102.

**Defendants' Third Motion *In Limine* (Doc. 103)**

Defendants want to bar Plaintiff Currie or her witnesses from testifying regarding statements by other physicians and other healthcare providers as to Mr. Okoro's medical condition or necessary treatment, because such evidence would be inadmissible hearsay in violation of Federal Rules of Evidence 801 and 802. Plaintiff objects to a blanket ruling that would not take into account exceptions to the hearsay rule.

The Court **DENIES** Doc. 103 as premature and subject to development at trial. The Court will evaluate hearsay objections contemporaneously with testimony.

**Defendants' Fourth Motion *In Limine* (Doc. 104)**

Pursuant to Federal Rules of Evidence 401 and 402, which pertain to relevance, Defendants move to bar Plaintiff from referencing or inquiring about other lawsuits involving Dr. Chhabra. Without identifying or discussing any particular suit, Defendants assert that any lawsuits against Dr. Chhabra are irrelevant, or if relevant, present a danger of misleading and confusing the jury and prejudicing Dr. Chhabra.

Plaintiff identifies two specific lawsuits against Dr. Chhabra: *Cotts v. Osafe, et al.*, Case No. 05-1150 (C.D.Ill.); and *Mahdi v. Chhabra, et al.*, Case No. 10-123-MJR (S.D.Ill.). Plaintiff gives no indication whether liability has been found in either of those cases. This Court is aware that a settlement agreement has been reached *Mahdi*, but that case has not been closed as of this date. Plaintiff would have the Court reserve ruling until this evidentiary issue can be analyzed in the context of trial, rather than prematurely excluding evidence. According to Plaintiff, under Federal Rule of Evidence 404(b), the cases would be used by Plaintiff to establish Dr. Chhabra's *modus operandi*—ignoring inmates with serious medical needs. Plaintiff would also introduce the other lawsuits relative to her claim for punitive damages.

In making the determination of whether to admit evidence of other or prior acts, the Court of Appeals for the Seventh Circuit has delineated the following considerations:

> (1) the evidence must be directed toward establishing something at issue other than a party's propensity to commit the act charged; (2) the other act must be similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence must be such that the jury could find that the act occurred and the party in question committed it; and (4) the prejudicial effect of the evidence must not substantially outweigh its probative value.

*Mathis v. Phillips Chevrolet, Inc.,* 269 F.3d 771, 775–776 (7th Cir. 2001) (quoting *Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490, 494–495 (7th Cir.1998)). The fourth consideration, regarding weighing prejudice and probative value, reflects the standard in Rule 403. *See United States v. Ciesiolka,* 614 F.3d 347, 357–358 (7th Cir. 2010) ("We have previously explained that the Rule 403 standard incorporated in the requisite test for admitting evidence under Rule 404(b) has teeth.").

The Court **GRANTS** Doc. 104, subject to hearing the proposed testimony outside the presence of the jury.

### Defendants' Fifth Motion *In Limine* (Doc. 105)

Defendants seek to bar Plaintiff from arguing, inferring or suggesting that Dr. Chhabra and Nurse Lynn did not comply with the policies and regulations of the Williamson County Jail. Defendants argue that the introduction of Jail policies and regulations will only confuse the jury regarding the constitutional standard for liability.[2] Defendants cite *Thompson v. City of Cicago*, 472 F.3d 444, 446 (7th Cir. 2006), and *Whren v. United States*, 517 U.S. 806, 815

---

[2] Defendants' argument is premised upon the applicability of the "deliberate indifference" standard; however, at this time, it appears that the "objectively unreasonable" standard is applicable.

(1996), for the proposition that such manuals, guidelines and policies are not reliable gauges as to what is reasonable under the Constitution.

Plaintiff acknowledges that that Jail policies and regulations, in and of themselves, do not subject Defendants to liability. However, Plaintiff contends that that does not mean that such evidence is inadmissible *per se*. From Defendants' perspective, such evidence may be probative as to liability and punitive damages. Plaintiff anticipates presenting evidence of rampant, unchecked policy violations, and suggests that Seventh Circuit Pattern Civil Jury Instruction 7.04, which explains that evidence of statutes, administrative rules, and policies "may" be considered, but that liability must be based on a constitutional violation. Plaintiff offers *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917, 929, 930 (7th Cir. 2004), and *Via v. Lagrand*, 2007 WL 495287 at *6 (N.D.Ill. Feb. 12, 2007), as counterweight to the cases cited by Defendants.

The Court **GRANTS** Doc. 105, subject to a hearing outside the presence of the jury, the appropriate laying of a foundation, relevancy, and Rule 403 considerations.

**Defendants' Sixth Motion *In Limine* (Doc. 106)**

Defendants want to prevent Plaintiff and her counsel from mentioning, referring to, arguing about, interrogating witnesses regarding or making statements regarding the fact that Defendants and their agents are insured against liability. Plaintiff observes that this motion *in limine* is virtually identical to Defendants' First Motion *in Limine* (Doc. 101).

Consistent with the Court's ruling on Defendants' First Motion *in Limine* (Doc. 101), the Court **GRANTS** Doc. 106.

### Defendants' Seventh Motion *In Limine* (Doc. 107)

Pursuant to Federal Rule of Evidence 403, regarding prejudice, Defendants move to bar any discussion of settlement negotiations. Plaintiff notes that Federal Rule of Evidence 408 bars the introduction of evidence of compromise or offers to compromise. Also, Plaintiff states that she has no intention of introducing such evidence, statements or arguments. The Court **GRANTS** Doc. 107.

### Defendants' Eighth Motion *In Limine* (Doc. 108)

Based on Federal Rule of Evidence 403, and consideration of potential prejudice, Defendants move to bar any mention of the fact that they are represented by a large defense firm with many attorneys and support personnel. Plaintiff concedes that the introduction of such information would be inappropriate, and Plaintiff has no intention of doing so. The Court **GRANTS** Doc. 108 .

### Defendants' Ninth and Tenth Motions *In Limine* (Docs. 109 and 110)

Defendants seek to bar Plaintiff's counsel from all argument, comment or reference which directly or indirectly intimates during testimony or during closing argument that Health Professionals, Ltd., Dr. Chhabra and Nurse Lynn violated the standards of care, committed malpractice, or any other similar reference to any act or omission not specifically pleaded and supported by expert testimony. Defendants rely upon Federal Rule of Evidence 403 and considerations of prejudice. Defendants further move to bar any attempt by Plaintiff to introduce any expert opinion or claim regarding the standard of care, other than that offered by Plaintiff's experts, Dr. Philipson and Dr. Goldenson, as no other experts have been disclosed by Plaintiff.

Plaintiff finds this motion overly broad, but does not object insofar as malpractice has not been pleaded. However, Plaintiff intends to present expert testimony regarding the standard of care. Plaintiff further notes that she has four expert witnesses, Dr. Philipson, Dr. Ovsiew, Dr. Goldenson and Mr. Eiser; some of that expert testimony will pertain to Jail procedures and the like, as opposed to medical opinion.

The Court **GRANTS** Docs. 109 and 110. This is a case of an alleged constitutional violation, as opposed to a medical malpractice claim that turns on the medical standard of care.

### **Defendants' Eleventh Motion *In Limine* (Doc. 111)**

For purposes of the presentation of Plaintiff's Wrongful Death claim, Defendants seek to bar Plaintiff from presenting evidence of Mr. Okoro's pain and suffering, grief and mental anguish; as well as the wealth or poverty of Okoro's next-of-kin. Citing primarily to Illinois Pattern Civil Jury Instructions 31.06 and 31.07, Defendants note that "pecuniary loss" is recoverable, including loss of money, benefits, goods, services and society; however, next-of-kin cannot recover for pain and suffering.

Plaintiff agrees that the wealth or poverty of Okoro's next-of-kin is not relevant to the Wrongful Death Act claim. However, Plaintiff contends that Okoro's pain and suffering is integral to other claims, so the jury will need to be instructed in accordance with Illinois Pattern Civil Jury Instruction 31.07.

The Court **GRANTS** Doc. 111. The jury instructions have been preliminarily addressed by the parties and any remaining disputes regarding the instructions will be addressed at trial.

### Defendants' Twelfth Motion *In Limine* (Doc. 112)

Defendants' move to exclude any and all evidence, references to evidence, testimony or argument relating to post-death photographs taken of Mr. Okoro. Defendants cite Federal Rules of Evidence 401, 402 and 403, regarding relevance and undue prejudice. Plaintiff indicates that she does not intend to present such evidence, and does not oppose this motion *in limine*.

The Court **RESERVES RULING** on Doc. 112, pending testimony.

### Defendants' Thirteenth and Fourteenth Motions *In Limine* (Docs. 113 and 114)

Defendants move to exclude any and all evidence, references to evidence, testimony or argument relating to any letters written by Phillip Okoro to Sheri House or Kurt Houghland, his foster parents, who are not plaintiffs. Defendants also move to bar the introduction of evidence of, and reference to letters written by Okoro to Plaintiff Jaclyn Currie, his sister. Defendants contend such letters would be irrelevant and unduly prejudicial.

Plaintiff is unclear as to exactly which letters Defendants are referring and, therefore finds the motion overly broad. Plaintiff also contends the letters may be relevant to House, Houghland and Currie's state of mind as they each attempted to secure medical and mental health treatment for Okoro.

The Court **RESERVES RULING** on Docs. 113 and 114, pending testimony.

**IT IS SO ORDERED.**

**DATED:  June 15, 2012**

                                                        s/ *Michael J. Reagan*
                                                        MICHAEL J. REAGAN
                                                        UNITED STATES DISTRICT JUDGE