IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACLYN CURRIE, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>TOM CUNDIFF, )<br>WILLIAMSON COUNTY, ILLINOIS, )<br>UNKNOWN EMPLOYEES AND )<br>SUPERVISORS OF WILLIAMSON )<br>COUNTY JAIL, )<br>GARY TYNER, )<br>DAVID SWEETIN, )<br>ROBERT CRAIG, )<br>DENNIS PINKERTON, )<br>OFFICER DARREN FERRELL, )<br>OFFICER R. HORN, )<br>OFFICER BRANDY MILANI, )<br>OFFICER C.J. WATTS, )<br>HEALTH PROFESSIONALS, LTD., )<br>DOCTOR JOGENDRA CHHABRA, and )<br>MARILYN ANN LYNN, )<br>)<br>      Defendants. ) | Case No. 09-cv-866-MJR |

## ORDER

**REAGAN, District Judge:**

      Plaintiff Jaclyn Currie have filed multiple motions *in limine* (Docs. 119-129). All Defendants have joined in filing a joint response to each motion (Docs. 135-145).

### Applicable Legal Standards

*In limine* is Latin for "at the outset." A motion *in limine* is a motion made at the outset or threshold of the case, typically prior to the commencement of trial. *See* Black's Law Dictionary

1

(9th ed. 2009).[1] The Federal Rules of Evidence do not explicitly authorize *in limine* rulings, but the practice of using such rulings has developed under the district court's inherent authority to manage trials. *Luce v. U.S.,* 469 U.S. 38, 41 n.4 (1984). "Motions *in limine* are of course common, and frequently granted, in criminal as in civil trials." *U.S. v. Warner,* 506 F.3d 517, 523 (7th Cir. 2007).

Motions *in limine* are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999). *Accord Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996)(motions *in limine* aid the trial process by "enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence … without lengthy argument at, or interruption of, the trial."). Such motions permit the district court to eliminate evidence "that clearly ought not be presented to the jury," because it is "inadmissible for any purpose," *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). Additionally, the "prudent use of the *in limine* motion sharpens the focus of [the] trial proceedings." *Jonasson*, 115 F.3d at 440.

As the United States Court of Appeals for the Seventh Circuit has summarized: "Motions *in limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *U.S. v. Tokash,* 282 F.3d 962, 968 (7th Cir.), *cert. denied,* 535 U.S. 1119 (2002), *citing U.S. v. Haynes,* 143 F.3d 1089, 1090 (7th Cir. 1998), and *U.S. v. Blassingame,* 197 F.3d 271, 279 (7th Cir. 1999). *See also U.S. v. Acox,* 595 F.3d 729, 733 (7th

---

[1] The United States Supreme Court has used the term more broadly, "to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984).

2

Cir. 2010) (If issue raised by motion *in limine* is definitively resolved before trial, an objection at trial is unnecessary).

The court should grant a motion *in limine* only if the movant demonstrates that the evidence in question is inadmissible on any ground, for any purpose. *See, e.g., Jonasson,* 115 F.3d at 440; *Ellis v. Country Club Hills*, 2011 WL 6001148 (N.D. Ill. 2011); *Payne v. Schneider National Carriers, Inc.*, 2011 WL 1575422 (S.D. Ill. 2011).

Motion *in limine* rulings are made before the district court has had a chance to hear all of the evidence or see the trial develop. As such, these rulings are preliminary and may be revisited based on the court's exposure to the evidence at trial. *U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989), *citing Luce,* 469 U.S. at 41 ("a ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Furthermore, a court may defer decision on a motion *in limine* until trial, if the motion needs to be placed in a fact-specific or evidence-specific context. The Seventh Circuit noted in *Jonasson,* 115 F.3d at 440:

> [T]he motion *in limine* is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings. It … permits the trial judge to eliminate from further consideration evidentiary submissions that clearly out not be presented to the jury….
>
> Some evidentiary submissions, however, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. In these instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury.

*See also Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975)(often, the "better practice is to deal with questions of admissibility of evidence as they arise," presenting the issues in a specific context, rather than excluding broad categories of evidence prior to trial); *U.S. v. Brown,* 2011 WL 43038, *3 (N.D. Ill. 2011) (delaying ruling may afford the judge a better opportunity to gauge the impact of the evidence in question); *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F. Supp. 276, 287 (S.D. N.Y. 1996) (district court can deny a motion *in limine* that lacks the necessary specificity as to the evidence to be excluded or the reason for the introduction of such evidence; court also can reserve ruling until trial, when admission of particular pieces of evidence can be viewed in an appropriate factual context.). With these principles in mind, the Court turns to the motions *in limine* filed in the instant case.

### **Plaintiff's Motion *In Limine* No. 1 (Doc. 119)**

Plaintiff Jaclyn Currie seeks to bar any reference to her own arrests, criminal convictions, bad acts evidence, or those of Mr. Okoro or any other witness. Citing Federal Rules of Evidence 403, 404(b) and 609, Plaintiff contends that such evidence is irrelevant to liability, and unduly prejudicial. Plaintiff identifies a single exception: Okoro's arrest for a misdemeanor property crime, which is why he was in Jail at the time of his death. Plaintiff would only permit the jury to know that Okoro had been arrested for a misdemeanor, but would not permit them to learn any details. Plaintiff also notes that Defendants have not disclosed any convictions they intend to raise at trial, even though an interrogatory requesting such information was propounded. Plaintiff identifies the following potential issues: (1) a pending DUI charge against Plaintiff Currie; and (2) possible allegations of alcohol and (presumably illicit) drug use by Okoro months before his incarceration, with no established link to his illness.

Defendants do not object to Plaintiff's motion, except that they want to be able to identify Okoro's specific offense, *without* offering any of the details of the arrest. Defendants also question how the mental health report prepared by Darla Dawson could be impacted, because the report contains a notation that Okoro refused to answer questions about drug and alcohol use.

The Court **RESERVES RULING** on Doc. 119, pending hearing argument out of the presence of the jury.

### Plaintiff's Motion *In Limine* No. 2 (Doc. 120)

Plaintiff moves to bar any reference to the fact that any individual was formerly or should be a defendant. Plaintiff perceives that such information would invite the jury to speculate as to why a person was and is now not a defendant, and could permit Defendants to "try an empty chair." Defendants observe that, depending on who the defendant is who leaves the case is, it may be proper to "try the empty chair." In other words, Plaintiff's motion is premature at this time.

Since Plaintiff's motion was filed, defendant Sheriff Vick was granted summary judgment and terminated as a defendant. Vick was only named in his official capacity, and he was not Sheriff at the time Okoro was incarcerated, so Vick's value as "the empty chair" is not apparent. Williamson County and the associated defendants, Cundiff, Tyner, Sweetin, Craig, Pinkerton, Ferrell, Horn, Milani and Watts, have reached a settlement with Plaintiff, pending approval of by the Probate Court. The Williamson County defendants could serve as "the empty chair."

The Court **GRANTS** Doc. 120.

**Plaintiff's Motion *In Limine* No. 3 (Doc. 121)**

Plaintiff seeks to limit evidence of the care that Defendants provided Okoro after he was found unresponsive. Plaintiff contends that Okoro was all but dead when he was discovered, and efforts to revive him are irrelevant to whether Defendants' care up to that point subjects them to liability. Plaintiff characterizes such evidence as impermissible "good acts" evidence.

Defendants argue that this motion should be denied, because Plaintiff is merely trying to have the jury believe that defendants were indifferent to Okoro even in his last moments of life, which ignores the facts. Defendants also contend that the cause of Okoro's death will be disputed at trial, and how he was treated just prior to his death is therefore relevant. Defendants also take exception to their treatment of Okoro prior to his death as a "bad act." and their treatment at the moment of crisis as a 'good cat;" Defendants would have the jury consider all of their acts in context—the natural sequence and narrative.

The Court **DENIES** Doc. 121.

**Plaintiff's Motion *In Limine* No. 4 (Doc. 122)**

Plaintiff moves for the removal of non-party witness from the courtroom during trial, including opening statements and testimony, pursuant to Federal Rule of Evidence 615. Although Defendants agree that non-party witnesses should be excluded, they argue for the denial of the motion because it is unnecessary in light of the required exclusion under Rule 615.

The Court **GRANTS** Doc. 122.

**Plaintiff's Motion *In Limine* No. 5 (Doc. 123)**

Plaintiff seeks to bar the individual Defendants from presenting evidence of financial inability to pay any judgment entered against them, when an employer or insurance is going to cover the cost. Plaintiff fears that the jury will unreasonably deflate a potential damage award. In the alternative, Plaintiff asks that she be able to counter evidence of the inability to pay a judgment with argument or evidence regarding how the judgment will be paid by someone else.

Defendants contend that Plaintiff's motion is unnecessary or, at best, premature, because Defendants are aware that they are not permitted to present evidence that they are too poor to pay a judgment when an employer or insurance company is ultimately responsible.

The Court **RESERVES RULING** on Doc. 123, pending a hearing outside the presence of the jury. The evidence may be relevant to the punitive damages claim, should it be presented to the jury.


**Plaintiff's Motion *In Limine* No. 6 (Doc. 124)**

Plaintiff seeks to bar arguments and references to jurors' pecuniary interests, including references to jurors, as taxpayers and the financial condition of the State of Illinois or Williamson County. Defendants indicate that they are fully aware that such arguments and evidence would be improper, so Plaintiff's motion is unnecessary and should be denied or deferred until trial.

The Court **GRANTS** Doc. 124.

**Plaintiff's Motion *In Limine* No. 7 (Doc. 125)**

Plaintiff seeks to bar evidence of Okoro's diabetic care before entering the Williamson County Jail. Plaintiff contends there is evidence that Okoro managed his diabetes since childhood, but Defendants are expected to present evidence that Okoro reported that he was not taking insulin or caring for himself before he entered the Jail. Plaintiff also argues that how Okoro managed his diabetes prior to entering Jail is irrelevant to Defendants' duty to care for Okoro in Jail. From Plaintiff's perspective, Defendants should not be permitted to supplant the legal standard of care with the notion that Defendants were or should have been providing better care that Okoro provided to himself.

Defendants question how Plaintiff will be able to prove he was regularly taking insulin prior to his arrest, but they contend that it would be unfair to preclude them from presenting evidence that Okoro had not been regularly taking insulin. One of Plaintiff's experts discusses Okoro's pre-arrest insulin use. Defendants do not believe that such evidence is clearly inadmissible, so Plaintiff's motion should either be denied or reserved until the appropriate time at trial.

The Court **DENIES** Doc. 125.

**Plaintiff's Motion *In Limine* No. 8 (Doc. 126)**

Plaintiff moves to bar evidence of Defendants' military or law enforcement experience, because the jury may inappropriately treat such experience as evidence of "good character," and such evidence is otherwise irrelevant. Plaintiff does recognize that some latitude will be necessary so that Defendants can provide background information about themselves, but

Plaintiff would limit such evidence to merely a statement that the individual served in the military or law enforcement, and the dates of service.

Defendants counter that evidence of their military and/or law enforcement experience is relevant background information, and not clearly admissible. Therefore, Defendants argue that Plaintiff's motion should either be denied or ruling should be deferred until trial.

Whether this information is relevant to any of the remaining Defendants is unclear. In any event, the Court **DENIES** Doc. 126.

**Plaintiff's Motion *In Limine* No. 9 (Doc. 127)**

Plaintiff seeks to bar evidence of the lack of visits to the Jail by Okoro's family while Okoro was incarcerated. Plaintiff perceives that the jury may interpret the lack of visits as a lack of caring or interest, and implying that the damages should be lowered. Plaintiff also wants to avoid the possible inference that family witnesses are less credible because they did not visit Okoro. Plaintiff concedes that Defendants may present evidence of the lack of visits as part of the general narrative of the case, but Plaintiff seeks to avoid prejudicial arguments that could flow from those facts.

Defendants argue that the evidence Plaintiff seeks to bar is the very evidence that will show a lack of care on the part of Okoro's family. Defendants distinguish between unfair prejudice and evidence that is merely unfavorable to Plaintiff. They further object to Plaintiff's attempt to remove a link in the narrative chain, particularly in relation to the Wrongful Death Act claims, which put the family's relationship at issue; similarly, the Intentional Infliction of

Emotional Distress claims places at tissue the family's knowledge about Okoro's term of incarceration.

The Court **DENIES** Doc. 127.

### Plaintiff's Motion *In Limine* No. 10 (Doc. 128)

Plaintiff seeks to bar evidence of collateral source payments that Okoro's family or estate received as a result of his death, including life insurance payments, social security disbursements, or payments of any other type. *See Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998). Defendants indicate that they are well aware of the Collateral Source Rule and do not intend to introduce such evidence unless Plaintiff elicits such evidence from them. Defendants argue that Plaintiff's motion should be denied, or deferred until trial.

The Court **GRANT** Doc. 128.

### Plaintiff's Motion *In Limine* No. 11 (Doc. 129)

Plaintiffs seek to bar purported bad acts of Okoro while a pretrial detainee in the Williamson County Jail, including physical altercations with staff and instances of subordination, all of which are irrelevant and unduly prejudicial. Plaintiff's highlight evidence that Okoro had to be shocked with a taser, shot with pepper spray, attacked a correctional officer and broke his glasses, was combative toward officers and his cellmate and had to be removed from his cell, and acted disrespectfully toward female jail employees. Because Okoro is dead, he cannot defend himself against these prejudicial allegations, leaving Defendants to characterize his behavior as they wish. Plaintiff wants to avoid tempting the jury to think that Okoro deserved less medical care than he was legally entitled to, or that he deserved what happened. Plaintiff would have

Defendants explain Okoro's placement in an isolation cell by merely explaining that his placement was due to disciplinary problems, which offering the unduly prejudicial details.

Defendants contend that the Court should analyze evidence the evidence of Okoro's behavior under Federal Rule of Evidence 404(b).  Defendants view the evidence as relevant to explain Okoro's placement in an isolation cell, as well as how and why insulin injections were given outside the cell in the way it was.  Therefore, Defendants request that Plaintiff's motion be denied or deferred until trial.

The Court **DENIES** Doc. 129.

**IT IS SO ORDERED.**

**DATED:  June 15, 2012**

                                              s/ *Michael J. Reagan*
                                              **MICHAEL J. REAGAN**
                                              **UNITED STATES DISTRICT JUDGE**